IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01519-WYD

APARTMENT INVESTMENT AND MANAGEMENT COMPANY,
     a Maryland corporation,

     Plaintiff,

v.

VIRGINIA SURETY COMPANY, INC.,
     an Illinois corporation;
CAMBRIDGE INTEGRATED SERVICES GROUP, INC.,
     a Pennsylvania corporation,

     Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal (docket #1), filed June 29, 2009.  By way of background, this case arises from an alleged breach of contract and negligence by the Defendant insurance companies.

On June 29, 2009, Defendants Virginia Surety Company, Inc. and Cambridge Integrated Services Group, Inc. filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendants asserted in the notice of removal that the amount in controversy requirement was satisfied.  Further, Defendants asserted that while Plaintiff is a citizen of both the State of Colorado and the State of Maryland, Defendant Virginia Surety Company, Inc. is an Illinois corporation, and Defendant Cambridge Integrated Services Group, Inc. is both a Pennsylvania and Connecticut corporation.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"  *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal.  *Id.*  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  I note that there is no reference to any dollar amount in the state court complaint.  Further, there is no reference to any damage amount in the "damages" section of the complaint.  Thus, I turn to the notice of removal.  The notice of removal merely states the following in relevant part:

> Here, although the Complaint does not set forth a specific monetary figure for damages, AIMCO alleges that VSC and Cambridge erroneously denied coverage or took inconsistent positions with regard to coverage in at least eight lawsuits for 'bodily injury and/or property damage' against AIMCO.  Based on the number of lawsuits alone, there is a good faith basis to believe that the damages sought by AIMCO exceed $75,000, exclusive of interest and costs.

(Notice of Removal ¶ 5.) That is the only allegation in the notice of removal regarding the amount in controversy. I find that the Defendants have failed to meet their burden of affirmatively establishing the amount in controversy on the face of either the petition or the notice of removal. The notice of removal's vague reference to the amount in controversy is not sufficient to establish that the jurisdictional amount is satisfied. The fact that there are eight lawsuits in the underlying complaint does not affirmatively establish that the amount in controversy exceeds $75,000. The amount in controversy of each lawsuit is unknown. Therefore, I cannot discern the amount in controversy based on the contents of both the complaint and the notice of removal. In other words, the Defendants did not affirmatively establish the amount in controversy in order to satisfy the narrow requirements set forth in the removal statute.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Denver County Colorado District Court from which the case was removed.

Dated: June 30, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge